**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES CARL KELLY, | Case No. 1:25-cv-01916 KES EPG (PC) |
| Plaintiff, | ORDER |
| v. | Doc. 12 |
| NEWSOME, et al., | |
| Defendants. | |

James Carl Kelly requested to proceed in forma pauperis in this civil rights action, in which he asserts violations of his civil rights while incarcerated.  Doc. 2.  On December 22, 2025, the magistrate judge issued findings and recommendations, recommending the denial of Kelly's motion to proceed in forma pauperis.  Doc. 9.  The court served the findings and recommendations on Kelly and notified him that any objections were due within 30 days.  *Id.* at 5.  The magistrate judge advised Kelly that the failure to file timely objections may result in the waiver of rights.  *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)).  After the filing deadline expired, the court reviewed the matter *de novo* and found that Kelly is subject to the three strikes provision of Section 1915(g) and did not show facts to satisfy the "imminent danger" exception.  Doc. 11.  Therefore, the court ordered Kelly to pay the filing fee.  *Id.*

The court subsequently received untimely objections, dated February 21, 2026.  Doc. 12.  The objections are dated 61 days after the date of service of the findings and recommendations,

1

Kelly did not seek an extension of time to file objections, and he does not explain any basis for his delayed filing. *Id.*; *see Branch v. Yates*, 2011 WL 443639, at *1 (E.D. Cal. Feb. 3, 2011) (disregarding objections as untimely when filed beyond the objection period). Even if the court were to consider the untimely objections, they do not establish any basis for the imminent danger exception and they fail to show that Kelly is entitled to proceed in forma pauperis.[1]

The Court **ORDERS**:

1.    Plaintiff **SHALL** pay the filing fee as previously ordered by the Court.

IT IS SO ORDERED.

Dated:    March 8, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] The exception applies only when the danger exists at the time of filing the complaint. *Andrews v. Cervantes,* 493 F.3d 1047, 1052-53 (9th Cir. 2007). Kelly references incidents in 2024 that pre-date the filing of the complaint by more than a year. *See* Doc. 12 at 1. Thus, the court is unable to find the imminent danger exception applies. *See e.g., Cohea v. Davey,* No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under section 1915(g)), *reconsideration denied,* 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020)).